Dear Mr. Adams:
You have requested an opinion of the Attorney General, in your capacity as Executive Director of the Louisiana District Attorneys Association (Association), regarding funding for capital improvements to the Association-owned office building. You specifically ask whether a one-time assessment, approved by the Association membership, can be paid by district attorneys from their discretionary funds. By telephone conversation on Monday, January 11, 1999, you specifically asked whether such payments can be made from the discretionary funds authorized in R.S. 15:571.11, 16:15(E), 16 and 16.1.
In answer to your question, we refer you to the statutory provisions sited hereinabove, which provide, in pertinent part, the following:
 § 571.11. Dispositions of fines and forfeitures
 A. (1)(a) All fines and forfeitures . . . upon collection by the sheriff or executive officer of the court, shall be paid into the treasury of the parish in which the court is situated and deposited in a "Criminal Court Fund" account, which, on motion by the district attorney and approval order of the district judge, may be used or paid out in defraying the expenses of . . . the office of the district attorney. . . .
 (b) . . . an additional twelve percent of the amount of fines collected shall be transmitted to the district attorney of the judicial district to be used by the district attorney in defraying such expenses of his office as in his discretion may be necessary.
 § 15. District attorney's worthless check collection fee
 A. A district attorney may collect a fee whenever his office collects and processes a check, a draft, or order for the payment of money upon any bank or other depository, if the check, draft, or order for payment of money on any bank or depository:
 (1) Has been issued in a manner which makes the issuance an offense under R.S. 14:71: or
 (2) Has been forged under R.S. 14:72.
 * * *
 E. Fees collected under this Section shall be deposited in a special fund to be administered by the district attorney. Expenditures from this fund shall be at the sole discretion of the district attorney and may be used only to defray the salaries and expenses of the office of the district attorney, but in no event may the district attorney supplement his or her own salary from this fund. Nothing in this Section shall be construed to decrease the total salaries, expenses, and allowances which the office of a district attorney is receiving at the time this Section takes effect.
 § 16. Additional court costs to defray expenses
 A. In all criminal cases over which the district attorney's office has jurisdiction, there shall be taxed as costs against every defendant who is convicted after trial or after he pleads guilty or who forfeits his bond a nonrefundable sum of ten dollars, which shall be in addition to all other fines, costs, or forfeitures lawfully imposed.
 B. The sums collected under Subsection A of this Section shall be remitted monthly by the clerk's office to the office of the district attorney of the judicial district to be used at his discretion in defraying expenses of his office.
 § 16.1. Costs for prosecution expenses
 In all criminal cases, over which the district attorney's office has jurisdiction, there shall be taxed as costs against every defendant who is convicted after trial or who pleads guilty or nolo contendere or against whom a judgment of bond forfeiture has been rendered, a nonrefundable sum of ten dollars in each case, which shall be in addition to all other fines, costs, or forfeitures lawfully imposed. The sums collected under this Section shall be remitted monthly by the clerk's office to the office of the district attorney of the judicial district to be used in defraying expenses of his office.
As can be gleaned from the above, the district attorney is vested with very broad discretion in determining the necessity and purpose for which funds collected pursuant to R.S.15:571.11(A)(1)(b), 16:15(E), 16 and 16.1 may be expended.
Accordingly, if the district attorney deems that an assessment made by the Association for improvements to its office building is a necessary expense for the informed and professional operation of his office, then it is within his discretion to pay this assessment from the fund sources discussed herein. In accord is Attorney General Opinion No. 81-738. We further find that the payment of the assessment is not prohibited under Article VII, Section 14 of the 1974 Constitution.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________________ ROBERT E. HARROUN, III
Assistant Attorney General
Date Received: Date Released:
ROBERT L. HARROUN, III ASSISTANT ATTORNEY GENERAL